IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODERICK GREER TALLEY                                                  PLAINTIFF

v.                                          CIVIL ACTION NO. 3:24-cv-323-KHJ-MTP

GERALD MUMFORD, ET AL.                                              DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief. Having considered the record and applicable law, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

## BACKGROUND

On June 3, 2024, Plaintiff filed this action arising from his arrest and criminal convictions in the justice and county courts of Hinds County, Mississippi. Plaintiff names as Defendants, Prosecutor Gerald Mumford, County Court Judge Johnnie McDaniels, and Justice Court Judges Kenneth Lewis and Frank Sutton.

Plaintiff alleges that on March 23, 2023, he was arrested and charged with simple assault domestic violence, possession of a weapon on educational property, and providing false information to an officer. According to Plaintiff, Justice Court Judge Frank Sutton issued warrants for his arrest despite the lack of probable cause, and County Court Judge Johnnie McDaniels wrongfully set a bond of $10,000.00.

Plaintiff was initially tried in justice court before Judge Kenneth Lewis on May 4, 2023. Plaintiff alleges that Prosecutor Gerald Mumford refused to produce discovery and slandered him during the trial. He alleges that Judge Lewis refused to continue the trial even though

1

Plaintiff had not received discovery.  He also alleges that Judge Lewis overruled all his objections, permitted improper evidence (including hearsay testimony), and found him guilty despite the lack of evidence supporting the convictions.

Plaintiff appealed this guilty verdict to the county court, and he was tried before Judge McDaniels on October 4, 2023.  According to Plaintiff, Mumford continued to withhold discovery, and Judge McDaniels forced him to proceed to trial without discovery and without appointed counsel.  Plaintiff alleges that Mumford again slandered him and also intimidated Plaintiff's witness.  Judge McDaniels allegedly threatened Plaintiff with incarceration for raising objections and found him guilty despite the lack of evidence supporting the convictions.

In this action, Plaintiff asserts state-law claims, including slander and intentional infliction of emotional distress, and claims under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Sixth Amendments.

## ANALYSIS

As Plaintiff is proceeding in this action *in forma pauperis*,[1] the Court must screen his complaint under 28 U.S.C. § 1915(e)(2),[2] which sets forth the standard for screening: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune for such relief." 28 U.S.C. § 1915(e)(2).

---

[1] *See* Order [6].

[2] The screening requirement applies whether the plaintiff is a prisoner or a non-prisoner. *Walters v. Scott*, 2014 WL 5575494, at *2 (S.D. Tex. Nov. 11, 2014) (citing *Newsome v. Equal Employment Opportunity Comm.*, 301 F.3d 227, 231-33 (5th Cir. 2002)).

***Judicial Immunity***

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  This provides immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359 (1978).  Moreover, "[j]udicial immunity is not overcome by allegations of bad faith or malice and '*applies even when the judge is accused of acting maliciously and corruptly*.'" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles,* 502 U.S. at 11).  "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles,* 502 U.S. at 10.

Judicial immunity is overcome in only two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 11-12.  To determine whether a judge's actions were judicial in nature, courts consider four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official

capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are construed broadly in favor of immunity. *Id*.

Plaintiff's allegations concern Judge Sutton's issuance of arrest warrants; Judge Lewis's decisions on motions, evidentiary issues, and objections raised during trial and his verdict at trial; and Judge McDaniels's decisions on setting a bond, appointing counsel, and compelling discovery. The allegations also concern Judge McDaniels's treatment of Plaintiff during the trial and his verdict finding Plaintiff guilty. These actions were normal judicial functions performed in matters pending before the judges. There are no allegations demonstrating that any action occurred outside the judges' courtrooms or adjunct spaces or that the judges were acting outside their official capacity. Considering the factors set forth in *Malina*, the actions Plaintiff complains of were judicial actions.

The undersigned now turns to the issue of whether the judges' actions were taken in the complete absence of all jurisdiction. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina*, 994 F.2d at 1125. If any of the defendant judges "merely acted in excess of his authority," he is still protected by judicial immunity. *Id*.

Concerning Judges Sutton and Lewis, Plaintiff makes no allegation that either judge lacked jurisdiction. Concerning Judge McDaniels, Plaintiff alleges that the judge lacked jurisdiction over Plaintiff's appeal from justice court because the judge did not issue an order granting Plaintiff's motion for leave to appeal *in forma pauperis*. Pursuant to Miss. Code Ann. § 99-35-1, a defendant may appeal a criminal conviction in justice court to the county court, but must post bond for court costs relating to the appeal. However, the defendant "may nevertheless

4

appeal from such conviction on his making an affidavit that, by reason of his poverty, he is unable to give bond or other security to obtain such appeal . . . ." Miss. Code Ann. § 99-35-7.

Here, Plaintiff alleges that he submitted such an affidavit, fulfilling the requirements of § 99-35-7, and that Judge McDaniels permitted him to proceed with his appeal in the county court without posting a bond.  Thus, Judge McDaniels's actions were not taken in the complete absence of all jurisdiction.

Accordingly, Judges Sutton, Lewis, and McDaniels are entitled to absolute judicial immunity, and Plaintiff's claims against them should be dismissed with prejudice.

### *Prosecutorial Immunity*

Plaintiff also asserts claims against his prosecutor, Gerald Mumford.  Much like judges, prosecutors and other necessary participants in the judicial process enjoy immunity. "Prosecutors are absolutely immune from liability for initiating and other acts intimately associated with the judicial phase of the criminal process." *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  "Prosecutors may appeal to this immunity in the face of allegations of the knowing use of perjured testimony and the withholding of exculpatory information." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).  "Absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." *Id*.

Plaintiff alleges that Mumford refused to produce discovery in Plaintiff's criminal matter, that he slandered him during the criminal trials, and that he intimidated a defense witness.  Such acts, taken as part of the criminal prosecution of Plaintiff, are protected by prosecutorial

immunity. *See Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978) (holding that immunity is applicable "even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts casting doubt upon the state's testimony."); *see also Roberts v. Jack*, 2016 WL 4136490, at *2 (S.D. Miss. Aug. 3, 2016) (holding that prosecutor was absolutely immune against plaintiff's slander claim); *Quick v. Edwards*, 2006 WL 1751737, at *3 (N.D. Tex. June 26, 2006) (same). Because Plaintiff's allegations against Mumford concern actions taken in his role in prosecuting Plaintiff's criminal charges, Mumford is entitled to prosecutorial immunity, and Plaintiff's claims against him should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(iii) as Defendants are immune from the relief sought in this action.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 20th day of June, 2024.

s/ Michael T. Parker
United States Magistrate Judge