UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODERICK GREER TALLEY                                              PLAINTIFF

V.                                      CIVIL ACTION NO. 3:24-CV-323-KHJ-MTP

GERALD MUMFORD, et al.                                           DEFENDANTS

ORDER

Before the Court is the [7] Report and Recommendation of United States Magistrate Judge Michael T. Parker. The Court adopts the Report in part and modifies it in part. The Court dismisses pro se Plaintiff Roderick Greer Talley's damages claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii). It dismisses Talley's injunctive-relief claims without prejudice for lack of jurisdiction.

I.     Background

The Report well describes the events giving rise to this lawsuit against three judges and a prosecutor. *See* [7] at 1–2; *see also* Compl. [1]; Exhibits [5].

The Report recommends dismissing this action with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii). [7] at 6. It first concludes that the three judges are entitled to absolute judicial immunity from damages. *Id.* at 3–5. It then concludes that the prosecutor is entitled to absolute prosecutorial immunity from damages. *Id.* at 5–6. The Report does not address Talley's request for "injunctive relief," which appears only in the caption of Talley's Complaint. *See* [1] at 1; [7].

Talley timely objected to the Report. [8]. First, he argued that the three judges acted in the "clear absence of all jurisdiction," so they are not entitled to absolute judicial immunity. *See, e.g., id.* at 11–14 (citing *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). Second, he argued that the prosecutor engaged in "administrative and investigatory actions . . . without jurisdiction," so he is not entitled to absolute prosecutorial immunity. *See, e.g., id.* at 4–5. And third, he argued that the Report "improperly dismisses [his] claims for injunctive relief." *Id.* at 1; *see also id.* at 16 (requesting "injunctive relief to prohibit Defendants from further prosecutorial and judicial misconduct").

II.     Standard

The Court reviews de novo the portions of the Report to which Talley objects, *see* 28 U.S.C. § 636(b)(1), and the remaining portions under a "clearly erroneous, abuse of discretion[,] and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III.    Analysis

The Court must dismiss Talley's claims. The judges are entitled to absolute immunity from damages. So is the prosecutor. And Talley's injunctive-relief claims fail for lack of standing.

A. Absolute Judicial Immunity

The Report correctly concluded that absolute judicial immunity bars Talley's damages claims against the judges. [7] at 3–5. The Court dismisses those claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

"Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). As the Supreme Court has explained:

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

*Stump*, 435 U.S. at 356–57 (citation omitted).[1] The question is "not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995).

Talley argues that each judge acted in the "clear absence of all jurisdiction." *See, e.g.*, [8] at 11–14. More specifically, he contends that (1) Judge Sutton lacked jurisdiction because of the "absence of probable cause," (2) Judge Lewis lacked jurisdiction because "Judge Sutton recused himself without a formal recusal," and (3) Judge McDaniels lacked jurisdiction because the appeal "was never perfected

---

[1] The Supreme Court "illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump*, 435 U.S. at 357 n.7.

due to Judge McDaniels failing to issue an order granting [Talley's] motion for leave to appeal in forma pauperis." *Id.* at 1–4.

Talley's arguments fail.

To begin, Judge Sutton had jurisdiction to issue the arrest warrants. Justice Court judges may issue arrest warrants. *See, e.g.*, Miss. Code Ann. §§ 99-3-21, 99-33-3; *Ammons v. Baldwin*, 705 F.2d 1445, 1446 (5th Cir. 1983) (holding that Mississippi Justice Court judge was entitled to judicial immunity for issuing arrest warrant). Contrary to Talley's argument, there was probable cause to issue the warrants. *See* [5-11] at 1–3.[2] And even if Judge Sutton had acted "in error," he would still be immune from damages. *See Stump*, 435 U.S. at 356–57. Judge Sutton is entitled to absolute judicial immunity.

Next, Judge Lewis had jurisdiction despite the purported "informal[ity]" of Judge Sutton's recusal. *See* [8] at 3. Under Mississippi law, Justice Court judges "shall have jurisdiction" over misdemeanors occurring in their county. Miss. Code

---

[2] For example, as to the simple-domestic-violence charge, the affidavit recounted the victim's report that Talley "grabbed her with both hands and pushed her from the truck" so hard that her "feet came off of the ground." [5-11] at 1. The victim confirmed that "she was hurt." *Id.* The victim told police that "they ha[d] been dating and intimate for approximately five to six months" and that he had "assaulted her approximately three to four times prior." *Id.* at 2. For his part, Talley told the officer that he "pushed her" but did "not shove her." *Id.*

Talley insists that there was no assault—or even probable cause—because there was "no bruising and no visible signs of injury." [1] at 4. He is flatly wrong. As numerous federal judges have now informed Talley: "The fact that [Talley] lifted [the victim] so high that her feet dangled off the ground constitutes an assault, whether she shows blood or not, or scars or not, or bruises or not. That's an assault." Tr. [27] at 149, *Talley v. Jackson State Univ.*, No. 3:23-CV-252 (S.D. Miss. May 31, 2024); *see also* Order [26] at 15, *Talley v. Jackson State Univ.*, No. 3:24-CV-296 (S.D. Miss. July 5, 2024) (holding that there was "clearly . . . probable cause to arrest Talley for simple assault based on [the victim's] statement that Talley had 'violently pushed her' from the truck and 'grabbed her' so hard that her feet were 'literally off the ground'").

4

Ann. § 99-33-1(2). Judge Lewis therefore had jurisdiction to adjudicate Talley's two misdemeanor charges. *See* [5-13] at 1–2.

That is so despite the supposed informality of Judge Sutton's recusal. In fact, the record indicates that Judge Sutton followed the proper recusal procedure. *See* [5-32] at 1–2 (Hinds County Justice Court docket sheet with signed and dated recusal); Rules of Justice Court, General Rule 7 (providing that judge "shall enter a written order of recusal," in which case "the justice court clerk shall assign the action to another justice court judge of the county"). Besides, Talley cites no authority—and the Court has found none—holding that the informality of one judge's recusal divests another judge of jurisdiction, let alone establishes a "clear absence of all jurisdiction." *Adams*, 764 F.2d at 297; *see also, e.g., Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995) (holding that judicial immunity barred suit against a state-court judge who set an execution date after recusing himself), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).[3] Judge Lewis is entitled to absolute judicial immunity.[4]

Finally, Judge McDaniels had jurisdiction despite Talley's motion for leave to appeal in forma pauperis. *See* [8] at 3–4. Under Mississippi law, County Court judges "shall have jurisdiction concurrent with the justice court" over misdemeanors

---

[3] Talley cites *Moore v. State*, 508 So. 2d 666 (Miss. 1987), which he says "emphasized that jurisdiction cannot transfer without proper recusal procedures being followed." [8] at 2. But *Moore* says nothing about jurisdiction or recusal. *See* 508 So. 2d at 667–69.

[4] Talley requests a live hearing, at which a Justice Court clerk would testify ("if subpoenaed") about Judges Sutton and Lewis' alleged "pattern of informal recusals." *See* [8] at 8–9. The Court denies that request. Even assuming that there was a "pattern of informal recusals" that extended to Talley's own case, the judges would still be entitled to absolute judicial immunity for the reasons discussed above.

5

occurring in their county. Miss. Code Ann. § 9-9-21(1); *see also id.* § 99-35-1. Judge McDaniels therefore had jurisdiction to adjudicate Talley's two misdemeanor charges. *See* [5-14].

That is so despite Talley's motion for leave to appeal in forma pauperis. Mississippi law permitted Talley to "appeal from [his] conviction on his making an affidavit that, by reason of his poverty, he is unable to give bond or other security to obtain such appeal." Miss. Code Ann. § 99-35-7. Talley filed that affidavit. *See* [5-4]. Judge McDaniels thus properly "permitted him to proceed with his appeal . . . without posting a bond." [7] at 5.[5] Judge McDaniels, too, is entitled to absolute judicial immunity.

The Court therefore dismisses Talley's damages claims against the judges under 28 U.S.C. § 1915(e)(2)(B)(iii).

B.  Absolute Prosecutorial Immunity

The Report correctly concluded that the prosecutor is entitled to absolute prosecutorial immunity. *See* [7] at 5–6. The Court dismisses those claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

Talley offers a few responses. They are unpersuasive.

---

[5] Citing "*Northern Insurance Co. of New York v. Alford*, 218 So. 2d 257 (Miss. 1969)," Talley argues that "without a perfected appeal, jurisdiction remains in the lower court." [8] at 2. But that citation is to an Alabama Supreme Court case that has nothing to do with jurisdiction. *See City of Tuscaloosa v. Marcum*, 218 So. 2d 254, 254–58 (Ala. 1969). The Court was unable to find any Mississippi case titled "*Northern Insurance Co. of New York v. Alford*." Talley also submits that, under "M.R.C.P. 15 and M.R.C.P. 16(d)," "a motion not ruled on within 30 days is deemed denied." [8] at 3–4. But those rules say nothing of the sort.

6

To begin, Talley's argument that the prosecutor acted "without jurisdiction" fails for the reasons discussed above. [8] at 13; *supra* pages 4–6.

Next, Talley's argument that the prosecutor's actions were "administrative," "investigatory," or "supervisory" likewise fails. *See, e.g.*, [8] at 14–15. As the Report correctly concluded, each of the challenged actions is "intimately associated with the judicial phase of the criminal process." *See* [7] at 5–6 (collecting cases that Talley's objection failed to address).

Finally, Talley's argument that the prosecutor's "improper motive . . . strip[s] him of prosecutorial immunity" also fails. [8] at 5. "Absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (cleaned up).

The Court therefore dismisses Talley's damages claims against the prosecutor under 28 U.S.C. § 1915(e)(2)(B)(iii).

C. Injunctive Relief

The Report did not squarely address Talley's request for injunctive relief, which appeared only in the caption of his Complaint. *See* [1] at 1; [7]. Talley's objection clarified that he seeks injunctive relief to "prohibit Defendants from further prosecutorial and judicial misconduct." [8] at 16. Out of an abundance of caution, the Court modifies the Report to address any claim for injunctive relief.

Talley lacks standing to pursue injunctive relief. A plaintiff seeking prospective relief "must allege a continuing (*i.e.*, ongoing) or 'imminent' future injury to establish standing." *Jackson v. Wright*, 82 F.4th 362, 369 (5th Cir. 2023)

(citing *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)). None of the alleged misconduct is "ongoing." *See, e.g.*, [1] at 18–19 (discussing alleged misconduct, which all occurred during Talley's past criminal proceedings). And Talley does not allege an "imminent" future injury. Talley has "made no showing that he is realistically threatened by a repetition of his experience." *Lyons*, 461 U.S. at 109. To be sure, Talley offers three additional cases that allegedly show that two judges have a "history of signing bench warrants for Jackson State University officers without probable cause." *See, e.g.*, [1] at 15. But Talley, who lives in Durant and no longer attends Jackson State University, fails to allege that he himself faces an "imminent" future injury. *Jackson*, 82 F.4th at 369 (citing *Lyons*, 461 U.S. at 102).

The Court thus dismisses any injunctive-relief claims for lack of standing.[6]

\*   \*   \*

In summary, the Court must dismiss Talley's claims. The Court understands Talley's desire to hold judges and prosecutors accountable. *See* [8] at 1–2. But long-settled law entitles each Defendant to absolute immunity from Talley's damages

---

[6] Even if Talley had standing, his injunctive-relief claims would fail for numerous reasons. First, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Second, *Heck v. Humphrey*, 512 U.S. 477 (1994), would bar some or all of Talley's claims. *See, e.g.*, *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995); *see also* [8] at 7 (noting that Talley has "three post-conviction relief petitions" pending in state court). Third, there was plainly probable cause for Talley's arrest. *See supra* page 4 & note 2. And fourth, Talley has failed to "show a real danger that without the injunction he will suffer an irreparable injury." *Johnson v. Kegans*, 870 F.2d 992, 994, 999 (5th Cir. 1989) (upholding dismissal of suit under the PLRA where "the allegations for injunctive relief are insufficient").

8

claims. And Talley lacks standing to enjoin Defendants from engaging in unspecified "prosecutorial and judicial misconduct." *Id.* at 16.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS IN PART and MODIFIES IN PART the [7] Report and Recommendation of United States Magistrate Judge Michael T. Parker; DISMISSES with prejudice Talley's damages claims; and DISMISSES without prejudice Talley's injunctive-relief claims. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 5th day of August, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE